## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PRINCE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-01696 (UNA) |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the case for the reasons explained herein.

Plaintiff purports to bring this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the District of Columbia, its Mayor, the Metropolitan Police Department and the officers who arrested him, and the Assistant United States Attorney who prosecuted him.[1]  Generally, plaintiff alleges that these defendants are responsible for his current incarceration and for assorted constitutional violations committed along the way. He demands compensatory and punitive damages and his immediate release from custody.

---

[1]     This defendant is immune from suit. "[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).

First, this case is substantially similar to other matters that plaintiff has already filed in this District, including, but not limited to, *Jones v. Bowser, et al*., No. 16-cv-02261 (UNA) (D.D.C. filed Nov. 15, 2016), which was subsequently dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and *Jones v. Bowser, et al*., No. 20-cv-02797 (D.D.C. filed Sept. 29, 2020), which was dismissed for same reasons, and is still currently pending on appeal, *see id*. at ECF No. 9.  Therefore, this matter is duplicative to those cases, and as to the latter case, which is still open, "[c]onsiderations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *Washington Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980) (citing *Hilton Hotels Corp. v. Weaver*, 325 F.2d 1010, 1010 (D.C. Cir. 1963) (per curiam), *cert. denied*, 376 U.S. 951 (1964)). Furthermore, the notice of appeal filed in that matter divests the trial court of jurisdiction over these same issues and claims, *see Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982) (per curiam), and plaintiff cannot file them anew in an attempt to revive them while he awaits the Circuit's determination.

Second, and notably, insofar as plaintiff is mounting a challenge to his Superior Court conviction or sentence, this court is without jurisdiction to adjudicate the claim. "Under D.C. Code§ 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence  subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code§ 23-1 l0(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears

that the remedy by motion is inadequate or ineffective to test the legality of his detention*," id.* §
23-1 l0(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-1 l0(g)'s
plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions
by prisoners who could have raised viable claims pursuant to [§] 23-1 l0(a).").

With respect to plaintiff's demands for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid . . . plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal
> court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).   While the D.C. Court of Appeals
("DCCA") reversed plaintiff's convictions, *see Jones v. United States*, 168 A.3d 703, 707 (D.C.
2017), reversal alone does not green-light a suit for damages under 42 U.S.C. § 1983 since "a
defendant can be tried a second time for an offense when his prior conviction for that same
offense had been set aside on appeal." *Green v. United States*, 355 U.S. 184, 189 (1957).   And
here, following the DCCA's remand, plaintiff was convicted again upon pleading guilty during
the course of his retrial.   *See United States v. Jones*, No. 2013 CF1 018140 (D.C. Super. Ct.) at
June 13, 2018 Dkt. Entry. Consequently, plaintiff can bring no claim for damages without
invalidating that conviction.   *See Heck*, 512 U.S. at 489.

The remainder of the prolix complaint fails to meet the minimum pleading standard set
forth in Rule 8(a).   Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain
"(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and
plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see
Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir.

2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant complaint falls within this category.  Many of the digressive allegations comprising the complaint fail to provide adequate notice of a claim to defendants or this court, particularly given the other substantially similar cases filed by plaintiff.

For all of these reasons, the court dismisses the complaint, and denies as moot plaintiff's pending motion for appointment of counsel, ECF No. 4.  An order consistent with this memorandum opinion is issued separately.


DATE:  November 23, 2021                    _____s/s_____

                                                         COLLEEN KOLLAR-KOTELLY
                                                         United States District Judge